## Commonwealth *v.* Burns, Appellant.

*Liquor laws—Sale without license—Malt liquor.*

A conviction for selling liquor without a license will be sustained where the evidence shows that the beverage which the defendant sold contained two per cent of alcohol, had the taste and smell of beer, and was in fact a malt liquor.

Argued Nov. 19, 1908. Appeal, No. 192, Oct. T., 1908, by defendant, from judgment of Q. S. Chester Co., on verdict of guilty in case of Commonwealth v. Charles H. Burns. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Indictment for selling liquor without a license. Before BUTLER, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was portion of charge, quoted in the opinion of the Superior Court.

*Charles H. Pennypacker* and *W. S. Harris*, for appellant.— The evidence tended to show, if it tended to show anything,

that the beverage in question was a malt liquor. The commonwealth produced a few witnesses, who all testified that the liquor tasted a little like beer. All the commonwealth's witnesses who had tasted the liquid, said it did not affect them, except one witness, who said: "It gave me a little of the feeling that alcohol does." This is the only evidence in the case tending to show that the liquor or beverage was intoxicating. In the judgment of counsel, this was nothing more than a scintilla of evidence and did not entitle the commonwealth to submit the case to a jury upon the allegation that the defendant had sold spirituous, vinous or malt liquors: Allred v. State, 89 Ala. 112 (8 So. Repr. 56); United States v. Ducournau, 54 Fed. Repr. 138; Weisbrodt v. State, 50 Ohio, 192 (33 N. E. Repr. 603); State v. Starr, 67 Me. 242; Boyles' License, 190 Pa. 577; Schwuchow v. Chicago, 68 Ill. 444; Lawton v. Steele, 152 U. S. 133 (14 Sup. Ct. Repr. 499).

*Wilmer M. MacElree,* for appellee.

OPINION BY BEAVER, J., February 26, 1909:

The indictment charged that the defendant "on the 29th day of August, 1908, at county aforesaid and within the jurisdiction of this court, with force and arms, etc., did sell certain vinous, spirituous, malt and brewed liquors, and an admixture thereof, without having first obtained license, agreeably to law, for that purpose, contrary to the form of the act of assembly in such case made and provided, and against the peace and dignity of the commonwealth of Pennsylvania."

The Act of May 13, 1887, P. L. 108, "To restrain and regulate the sale of vinous and spirituous, malt, or brewed liquors, or any admixture thereof," provides in its fifteenth section: "Any person who shall hereafter be convicted of selling or offering for sale any vinous, spirituous, malt or brewed liquors, or any admixture thereof, without a license, shall be sentenced to pay a fine of not less than five hundred dollars, nor more than five thousand dollars, and undergo an imprisonment in the county jail of not less than three months, nor more than twelve months."

The defendant himself testified: "I sold the 'rikk,' as has been testified. It was represented to me as nonintoxicating. It did not appear to affect anyone. I poured some bottles of 'rikk' into a vessel and sent it by Solomon Hazzard to Prof. Cochran to be analyzed. I received from him a receipt for payment of the charge for making the analysis, on which was stated the percentage of alcohol found, a little over two per cent."

In the appellant's paper-book is printed what purports to be "testimony given by C. B. Cochran in case of Commonwealth v. Charles H. Burns."

"A sample of liquid marked 'rikk' was delivered to me by R. O. Jefferis on July 20, 1908. I made an analysis of the sample and found it contained:

| | |
|---|---|
| "Alcohol by weight | 3.12%. |
| Alcohol by volume | 3.90% |
| Total solids | 3.25% |
| Ash | 0.10% |
| Maltose | 0.62% |
| Phosphoric acid | 0.032% |

"The sample was a carbonated liquid and had the odor and taste of beer."

"As a result of the analysis, I concluded that the sample was a malt liquor, made as indicated on the label, from malt, yeast, hops and water. Using the term vinous in its broad sense, the sample is a vinous liquid."

The question of the defendant's guilt was submitted to the jury.

The only allegation of error on the part of the appellant is that "The court erred in its general charge to the jury as follows: That on the defendant's own showing, there was about two per cent of alcohol in the beverage in question. In the judgment of the court he [the defendant] was guilty as charged, if the liquor sold was either malt or vinous."

There is nothing erroneous in thus submitting the real question at issue in the case to the jury. Whether the chemist used the term vinous in its broad or restricted sense is a matter of little consequence. There was no allegation, and absolutely

no attempt to show, that the liquid was not a′ malt liquor. The label upon the bottles seemed to indicate it. The taste and smell were those of beer. Whether or not the defendant was put upon notice of the character of the drink which he sold is immaterial. It was a malt liquor. He sold it without a license and is, therefore, as the jury found, guilty under the indictment.

The sentence was a minimum one in accordance with the provisions of the Brooks law and should be sustained.

Judgment affirmed and record remitted to the court below, to the end that the sentence, as imposed, may be fully carried into effect.